IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In Re: | Chapter: 13 |
| Jerry Glen Goodwin<br>SSN: xxx-xx-4584 | Case No.: 17-00075-TOM |
| Debtor | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY FILED BY PENNYMAC LOAN SERVICES, LLC, AS SERVICER FOR BANK OF AMERICA, N.A

Comes now PENNYMAC LOAN SERVICES, LLC, AS SERVICER FOR BANK OF AMERICA, N.A , its principals, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C., and moves this Honorable Court to lift the automatic stay in the above-referenced Debtor(s)' Chapter 13 bankruptcy, and to also lift the co-debtor stay, in effect for, Debbie Goodwin, and in support thereof, Creditor avers as follows:

1. The Debtor filed their bankruptcy petition with this Court on 01/08/2017.

2. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

3. The Creditor holds a mortgage lien on the property commonly referred to as 6378 N Clubview Cir, Bessemer, Alabama 35022, and more fully described in the mortgage and note.

4. The Debtor and the Co-Debtor(s), Debbie Goodwin, are all obligated unto the Creditor in accordance with the mortgage or mortgage loan. The Co-Debtor(s) is/are not (a) Debtor(s) in this Chapter 13 case.

5. The Debtor(s) and/or the Co-Debtor(s) is/are presently due, under the terms of the mortgage and mortgage loan, for the months of February, 2017 through the current date, plus late fees, attorneys fees and costs.

6. The Creditor has not received post-petition regular monthly routine maintenance mortgage payment(s). The mortgage and loan held by the Creditor is in post-petition default under the terms and conditions stated upon the face of the mortgage and loan documents. The Debtor is in post-petition default.

7. The Debtors' failure to make regular monthly routine maintenance mortgage payments unto the Creditor as they become due post-petition results in a unilateral modification of the mortgage and note between the parties in violation of 11 U.S.C. § 1322(b)(2).

8. The Debtor has not made a good faith effort to provide for and make the regular monthly routine maintenance mortgage payments as they become due in a manner to ensure that the Creditor receives the regular monthly routine maintenance mortgage payments consistent with the terms of the mortgage and mortgage loan documents.

9. The Debtor has willfully violated the terms and provisions of his/her/their Chapter 13 plan, and if applicable the order confirming said plan.

10. The Debtors' actions have caused unreasonable delay that is prejudicial to the Creditor. Further, the Creditor is not adequately protected.

11. The Creditor desires to protect its interests and proceed with taking possession of the property.

## MOTION FOR RELIEF FROM CO-DEBTOR STAY

12. Debbie Goodwin is a co-signer on the mortgage and/or note between the parties.

13. The Debtors' actions and plan provisions have failed to provide the Creditor adequate protection of its rights and interests under its mortgage, mortgage loan and security agreement.

14. The Creditor desires to pursue the Co-Debtor, Debbie Goodwin, for this debt.

## WAIVER OF FED. R. BANKR. P. 4001(a)(3)

15. This is a Chapter 13 bankruptcy case. The Debtor either knows, should know, or has been informed by Debtors' Counsel of the rules of this Bankruptcy Court and the potential penalties for non-compliance. Therefore, the Creditor requests this court waive the fourteen day "stay" in accordance with Fed. R. Bankr. P. 4001(a)(3).

## FUTURE DEFAULT

16. Should this Honorable Court deny the Creditor's Motion for Relief from Automatic Stay, the Creditor would request that this Honorable Court direct that the stay shall be immediately lifted, without further order or notice, as to the Creditor in the event that the Debtor should default on any future payments.

## ATTORNEY FEES

17. The Creditor has had to incur additional expense in order to collect this post-petition debt in the form of attorney fees and costs and requests this Court to award the Creditor reasonable attorney fees and court costs associated with this matter.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor herein prays that this Honorable Court will lift, modify, or terminate the automatic stay now in force and effect and shall further terminate the Co-

Debtor stay now in force and effect in order that the Creditor may obtain possession of its collateral and may enforce any and all of its state law rights and remedies in and to the subject collateral; the Creditor further requests this Court grant said Creditor reasonable attorney fees and costs associated with the filing of this Motion; the Creditor further requests that this Court waive the effect of Fed. R. Bankr. P. 4001(a)(3); or IN THE ALTERNATIVE, order an appropriate cure of the post-petition arrearage and default; grant said Creditor reasonable attorney fees and costs associated with the filing of this Motion; and grant said Creditor future relief, modification, termination, or lifting of the automatic stay now in force and effect and shall further terminate the Co-Debtor stay now in force and effect in, should the Debtor(s) default on any future payments to be made unto said Creditor, in order that the Creditor may obtain possession of its collateral, may foreclose, or liquidate its collateral under state law, or seek to negotiate a loss mitigation forbearance or other agreement with the debtor in an attempt to avoid foreclosure or other action. Creditor further requests relief from applicable provisions of FRBP 3002.1, once relief from the stay is granted by Court Order. Creditor further requests relief from stay in order to enforce any and all Creditor's rights, title, and interest in and to the subject property, under applicable non-bankruptcy law.

    Respectfully submitted,

/s/ Thomas G. Tutten, Jr.
Thomas G. Tutten, Jr. (TUT-003)
Diane C. Murray (MUR-048)
Enslen Crowe (CRO-098)
Attorney for Creditor

OF COUNSEL:
Thomas G. Tutten, Jr.
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205-930-5325 / Fax: 205-212-3820
ttutten@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing pleading was mailed, first class postage prepaid to the following:

Jerry Glen Goodwin
6378 North Club View Circle
Bessemer, AL 35022

Debbie Goodwin
6378 N Clubview Cir
Bessemer, Alabama 35022

and served via electronic case management to:

Chad A. Hanson
P O Box 756
Birmingham, AL 35201
chad@sealhansonllc.com

C. David Cottingham (Acting)
P O Box 10848
Birmingham, AL 35202-0848
ctmail@ch13bham.com

On this the 5th day of June, 2017.

/s/ Thomas G. Tutten, Jr.
OF COUNSEL

STATE OF Texas )
COUNTY OF Tarrant )

### AFFIDAVIT

BEFORE ME, the undersigned, Notary Public, personally appeared Kimberlyn Wright, who is known to me and after being by me first duly sworn, deposes and says the following:

My individual responsibility is to administer PennyMac Loan Services, LLC, as servicer for Bank of America, N.A mortgage loans in bankruptcy. Specifically, this includes monitoring loan payments. I hereby certify and state that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions, or occurrences to which they refer or within a reasonable time thereafter. Based on my review of said records, I have personal knowledge of this mortgage loan and hereby state the following:

1. Loan Number: xxxxxx3377
2. Debtor: Jerry Glen Goodwin
3. Bankruptcy Case No: 17-00075-TOM-13
4. Property Description: 6378 N Clubview Cir, Bessemer, Alabama 35022

Delinquent Status as of 05/02/17:
4 payments of $1,087.52 each for 02/01/17 through 05/01/17   $4,350.08
Bankruptcy Attorney Fees and Cost for MFR/Filing Fee   $1,031.00
Total   $5,381.08

The facts stated herein are true. In verification of the same, I subscribed my signature hereto.

Sworn to by me on this 31st day of May, 2017.

_____
Affiant

Sworn to and subscribed before me on this 31 day of May, 2017.

Elsie Kroussakis
Notary Public
My Commission Expires: 10/14/2019

ELSIE KROUSSAKIS
Notary Public, State of Texas
Comm. Expires 10-14-2019
Notary ID 1025456