# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

In Re:                                              Case No:      17-00075-TOM

**Jerry Glen Goodwin**
**SSN:  xxx-xx-4584**


      **Debtor**

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY FILED BY PENNYMAC LOAN SERVICES, LLC, AS SERVICER FOR BANK OF AMERICA, N.A

      This matter coming before the Court on the Motion for Relief from Automatic Stay and Co-Debtor Stay filed by PENNYMAC LOAN SERVICES, LLC, AS SERVICER FOR  BANK OF AMERICA, N.A  (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Creditor shall file a claim for post-petition mortgage arrearage through July 2017 plus the attorney fees and costs in connection with Creditor's Motion for Relief from Stay and Co-Debtor Stay. The arrearage to be put into the plan is as follows:

   | | |
   |---|---|
   | 6 payments @ $1,087.52 for 02/17 to 07/17: | $6,525.12 |
   | Attorney Fees and Costs for MFR: | $1031.00 |
   | Total: | $7,556.12 |

2. The Motion for Relief from Stay and Co-Debtor Stay filed by PENNYMAC LOAN SERVICES, LLC, AS SERVICER FOR BANK OF AMERICA, N.A. is hereby conditionally denied. However, should the Debtor default under the mortgage agreement between the parties beginning August 2017, the Motion for Relief from Stay and Co-Debtor Stay is granted if the Creditor gives the Debtor and the Debtor's attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtor any communication required under the note and mortgage or under state law.  Waiver of default shall not constitute waiver of subsequent default.  The Debtor is responsible for reasonable attorney fees involved in the enforcement of this Order.

3. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of

this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

Done this the 24th day of July, 2017.

/s/ Tamara O. Mitchell _____

Tamara O. Mitchell
United States Bankruptcy Judge

This document was prepared by:
Thomas G. Tutten, Jr.
Sirote & Permutt, P.C.
P.O. Box 55887
Birmingham, Alabama 35255-5887
Telephone: 205-930-5325